Kunzig, Judge,
delivered the opinion of the court;
At issue in this action for judicial review of a determination by the Coast Guard Board for Correction of Military *3 Becords (the Board) is whether the plaintiff is entitled to financial remuneration and credit for service as a law specialist in the 'Coast Guard. We find substantial evidence to support the Board decision that plaintiff is not so entitled. Therefore, we hold for defendant.
The undisputed facts are as follows. Just prior to his graduation from law school in 1966, plaintiff applied for admission to the Coast Guard Officer Candidate School (OCS). By letter of April 8, 1966, the Coast Guard advised plaintiff that it did have a special program for direct commissioning of lawyers as law specialists with service credit for legal training, but that no vacancies existed in that program. Plaintiff was further advised that he was eligible and had been selected for OCS, but that upon graduation he would be assigned to “general Coast Guard duties” and would not be given credit for his legal training.
On April 18,1966, plaintiff remitted the following signed statement:
I (intend) (do net intend) to enlist for Coast Guard Officer Candidate School as a candidate for General Assignment upon graduation.
In an accompanying letter, plaintiff stated in part, “I accept the conditions you have outlined for enlistment.” On February 23, 1966, plaintiff had executed an OCS agreement containing no suggestion of service as a law specialist. Following law school graduation, he passed the examination for and was admitted to the New York State Bar.
Plaintiff entered Coast Guard OCS on September 18,1966. On January 11,1967, prior to plaintiff’s commissioning, the Coast Guard Commandant confirmed by letter that, “upon successful completion of Officer Candidate School, [plaintiff] would be commissioned an Ensign, TJ.S. Coast Guard Beserve, and assigned to general Coast Guard duties. . . .”
On June 23,1967, plaintiff was designated an Investigating Officer (a non-legal billet) to perform marine inspection investigation duties and “other duties which may be given to [him] from time to time by proper authority.” Pursuant to article 27(b) of the Uniform Code of Military Justice, he was certified by the Coast Guard as competent to perform the duties of trial and defense counsel before general courts- *4 martial. Among the “other duties” he was eventually assigned by the Legal Officer of the Third Coast Guard District were representing the Government in administrative hearings and serving as counsel in courts-martial, physical evaluation boards, a reserve retention board, and in local state courts on behalf of Coast Guard personnel.
On August 26, 1969, plaintiff filed an application with the Board to amend his military record to reflect Coast Guard service as a law specialist, thereby entitling him to credit for three years of constructive service in that capacity. A hearing on plantiff’s petition, together with those of nine other Coast Guard officers seeking the same relief, was held on December 3,1970. By decision of August 4,1971, the Board denied all the petitions, finding:
I. that the petitioners were not appointed with a view to assignment as law specialists;
II. that the fact petitioners carried out certain legal duties collateral to their non-legal billets did not entitle them to law-specialist status.
Plaintiff’s suit for review of this determination is now before us on the parties’ cross-motions for summary judgment.[1]
As usual, we start from the principle that Board decisions are accorded finality by this court unless found to be arbitrary, capricious, or unsupported by substantial evidence. Dorl v. United States, 200 Ct. Cl. 626, cert. denied, 414 U.S. 1032 (1973). Plaintiff has failed to convince us that the instant Board determination suffers such defect, even in light of our recent resolve to safeguard the Board’s own “liberal” standard of correcting errors on and removing injustices from military records. Sharadowski v. United States, 200 Ct. Cl. 488, 489, 471 F. 2d 627, 628 (1973).
Plaintiff’s principal assertion, despite the Coast Guard’s clear representations to the contrary, is that the service commissioned plaintiff “for the purpose or with a view to” using him as a law specialist as defined by 14 U.S.C. § 773 (1964), which authorizes credit of three years constructive active duty for persons qualifying thereunder. Because of the strong presumption that public officials act in good faith *5 when discharging their official duties, plaintiff carries a heavy burden in arguing that the Board’s rejection of this allegation is arbitrary, capricious, or unsupported by substantial evidence. Horne v. United States, 190 Ct. Cl. 145, 150, 419 F. 2d 416, 419 (1969); Travis v. United States, 199 Ct. Cl. 67, 70 (1972).
We concur with the unreported decision of Richard M. Goldman v. United States (W.D. Pa., May 18, 1972)[2] that the Board’s finding for defendant under the circumstances here presented was supported by substantial evidence. Goldman involved a suit for judicial review by one of plaintiff’s nine unsuccessful co-petitioners before the Board. Plaintiff’s effort to distinguish that decision on the basis that it turned on the extent to which petitioner’s legal shills were used is groundless.
As did the Goldman court, we find controlling the fact that, despite his request for law-specialist designation, plaintiff was never so designated. Instead, the Coast Guard repeatedly made clear that plaintiff would be commissioned and assigned in a general duty capacity. The fact that he carried out certain legal duties while serving in a non-legal billet is insufficient to warrant the relief sought under the statute. See Cowan v. United States, 161 Ct. Cl. 739, 744-45, 316 F. 2d 740, 744 (1963); Ward v. United States, 158 F. 2d 499, 500-01 (8th Cir. 1946), cert. denied, 331 U.S. 844 (1947).
Nor is there any contention that plaintiff received Military Justice School training in preparation for his legal assignments or that he entered the Coast Guard under any belief he would receive law-specialist designation. On these grounds, the prior Board decisions in the applications of William E. Clements, Docket No. 908 (1965), and Lennard K. Rambusch, Docket No. 991 (1967), where law-specialist status was granted, are distinguished.
Finally, the case of Holland v. United States, 88 Ct. Cl. 341 (1939), on which plaintiff relies is inapposite to the present proceeding. That suit by a military officer for increased pay benefits involved construction of a statute de *6 fining the type of service actually rendered, rather than the conditions of entry onto duty as in the statute here involved. Compare Act of July 2,1926,44 Stat. 780,781, amending Act of June 4,1920,41 Stat. 759,768.
We conclude that the Board’s determination that plaintiff is not entitled to remuneration for constructive service as a law specialist is supported by substantial evidence and neither arbitrary nor capricious. Accordingly, defendant’s motion for summary judgment is granted, plaintiff’s cross-motion for summary judgment is denied, and the petition is dismissed.

 Because of the result we reach, we find It unnecessary to consider plaintiff’s collateral motion for discovery.

 Although unreporteil, Judge Weber’s opinion was discussed in both parties’ briefs and at oral argument.