Plaintiff in this pro se military pay case seeks back pay, benefits, reinstatement (as Staff Sergeant (E-5)), damages for mental anguish, and a correction of records. This request comes here because of the plaintiffs general discharge from the Air Force, under honorable conditions, for unsuitability, effective August 15, 1980. He contends that the discharge should be invalidated because it was based on illegally obtained evidence and was otherwise unjustified. Defendant seeks summary judgment. Having reviewed the material before us, without oral argument, we hold for the defendant and dismiss plaintiffs petition.
Plaintiff James B. Cole enlisted in the United States Air Force on December 14, 1979 for a four-year term. On June 14, 1980, after basic and specialist training, he was promoted to airman (E-2). On June 16, 1980, a small quantity of marijauna, a .22 caliber rifle and .22 caliber ammunition were found by search in his room on the base. There may have been no written warrant issued in advance for the *891 search, but the Government maintains that the search was at least authorized orally.[1] On July 1, 1980, plaintiff accepted nonjudicial punishment in lieu of court-martial for these infractions, pursuant to Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815 (1976). Having consulted with counsel, plaintiff waived his right to an oral presentation and, after sentence was handed down (reduction in grade and fine of $80.00), waived his right to an appeal. He does not seem to have objected to the June 16 search during the Article 15 proceedings. On July 25, 1980, plaintiffs commander initiated administrative discharge action against him for unsuitability (for apathy, defective attitude or inability to expend effort constructively) pursuant to Air Force Manual (AFM) 39-12, ch. 2, Section A, para. 2-4c (July, 1976). Plaintiff was notified that the action was taken because of plaintiffs possession of illegal drugs and firearms, as evidenced by an Incident Report of June 18,1980, and by the Article 15 determination. The discharge was approved August 15, 1980. Plaintiff brought it to the Air Force Board for the Correction of Military Records on August 24,1980. He raised various objections, including the alleged illegality of the search, before the Correction Board, which denied his application and declined to reconsider its decision. Plaintiff filed his petition in this court on September 4, 1980 (before the Correction Board had acted on his application).
Cole argues primarily that the search on his room was conducted illegally. It is, however, too late for him to raise this objection. The Article 15 judgment on which the discharge was based (at least in part) depended chiefly upon the evidence obtained from plaintiffs room. Thus the Article 15 sentence amounted to a determination that the plaintiff did possess illegal marijuana and a weapon, as charged. Since the plaintiff did not seek to suppress this evidence during the Article 15 proceeding and did not appeal that decision as he might have done, he cannot attack it collaterally now. Having waived his right to a court-martial and having chosen an Article 15 proceeding instead, the plaintiff is bound by it. See, e.g. Sweatt v. *892 United States, ante at 833, 835; Artis v. United States, 205 Ct. Cl. 732, 736-39, 506 F.2d 1387, 1388-90 (1974). There are no extenuating circumstances in this case, as there were in Hagarty v. United States, 196 Ct. Cl. 66, 73-74, 449 F.2d 352, 355 (1971), that would permit a claim for recovery even though plaintiff failed to exhaust his administrative remedies. Thus plaintiff cannot now challenge his discharging commander’s reliance on evidence established by the Article 15 decision.[2]
The discharging commander also relied directly on the Incident Report that was filed shortly after the search of plaintiffs room. We have no reason to believe that this Report contained any information other than that which weis also part of the Article 15 record. Plaintiff makes no allegation that it contained additional facts that might have prejudiced his case. Although the plaintiff conceivably might be entitled to challenge the discharging officer’s direct reliance on the Report (if the Report itself was not before the Commander in the Article 15 proceeding), any error resulting from such reliance would be harmless in that the data in the Report was otherwise available legally, through the Article 15 proceedings. As a result, we could not reverse the decision to discharge plaintiff even if we found that his Fourth (or Second) Amendment rights had been violated and the use of the Incident Report was improper. See Sanders v. United States, 219 Ct. Cl. 285, 310, 594 F.2d 804, 818 (1979). We therefore do not decide whether there was, in fact, a Constitutional violation or whether exclusion of the evidence would have been the appropriate remedy.[3]
*893 Plaintiff also argues that the discharge he received was inappropriate in that his recent promotion as well as comments about him by a superior officer prove that his work and attitudes were good. First, we note that all relevant regulations governing notice and procedures were followed in carrying out the discharge. Second, a discharge for unsuitability due to "apathy, defective attitudes” obviously encompasses a broad range of behavior that can reasonably include the particular violations of the rules plaintiff was found in the Article 15 proceeding to have committed. The use of that category of violation as overriding other factors (favorable to plaintiff) was neither arbitrary nor capricious, nor an abuse of discretion, and the discharge was supported by substantial evidence. See, e.g., Lewicki v. United States, 204 Ct. Cl. 1, 4 (1974).
It is therefore ordered that the defendant’s motion for summary judgment is granted and the plaintiffs petition is dismissed.
Plaintiffs motion for reconsideration was denied November 6,1981.

 The record contains a written form authorizing the search, but this form may have been signed after the search was made.

 Plaintiff does not suggest that a record of Article 15 proceedings cannot be considered in an administrative discharge action, and we know of no reason why it cannot be so considered.

 In Dumas v. United States, 223 Ct. Cl. 465, 478, n.8, 620 F.2d 247, 254 n.8 (1980), this court suggested (in dictum) that the exclusionary rule might not apply to Article 15 proceedings as it would to a criminal trial. Without having to reach this question, we note that, if exclusion is inapplicable to Article 15 proceedings, it is surely not required when a discharge under honorable conditions is contemplated. In any event, we do not reach the question of whether the plaintiffs constitutional rights were in fact violated here. And it is plain that plaintiffs rights under the military regulations were accorded in both the search and in the declared illegality of weapons. AFM 111-1, para. l-8b (May, 1980) permits a commander to issue an oral search warrant based upon sworn oral testimony by telephone. AF Regulation 125-37, paras. 6-la, 6-13d (Sept., 1978), prohibit unauthorized possession of guns in the dormitory. We need not *893 determine whether regulations meet the requirements of the Fourth and Second Amendments.